```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


CRAIG HOTH,                    :
        Plaintiff,             :
                               :
     v.                        :      CASE NO:  3:10cv1081(WWE)
                               :
THERESA LANTZ, et al.,         :
        Defendants.            :
```

### RULING ON PLAINTIFF'S MOTION TO COMPEL [Doc. #49]

The plaintiff has filed a motion to compel claiming that the discovery responses he received in June 2012 were deficient and that the defendants have made false statements regarding his medical care.

Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain. In addition, Rule 37(b)1 requires that copies of the discovery requests must be included as exhibits. The plaintiff has not provided the required affidavit, makes no reference to any good

faith effort to resolve the dispute and has not attached copies of the discovery requests. Instead, he reiterates his demand for all of the documents originally requested. Thus, the plaintiff's motion to compel is denied.

In addition, the defendants explain in their opposition papers how the plaintiff can review the videotape of the incident and have provided the applicable versions of Administrative Directives. They repeat their argument that they need not provide a copy of the plaintiff's medical file since 2004.

Rule 34(a), Fed. R. Civ. P., permits any party to serve a request that documents be produced for inspection and copying. The rule does not require that copies of all requested documents be provided to the requesting party at the expense of the providing party. See 7 Moore's Federal Practice § 34.13[5] at 34-92 (2011) (citing Clever View Investments, Ltd. v. Oshatz, 233 F.R.D. 393, 394 (S.D.N.Y. 2006) (producing party bears cost of making documents available for inspection and copying but reproduction is not necessarily required)). Thus, the defendants are not required to assume the cost of copying the plaintiff's entire medical file for the last eight years.

The plaintiff's motion to compel [**Doc. #49**] is **DENIED**.

      **SO ORDERED** at Hartford, Connecticut this 24th day of August 2012.

                                              **/s/ Thomas P. Smith**
                                              **Thomas P. Smith**
                                              **United States Magistrate Judge**